UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                          2:12-cr-20-FtM-29SPC

DONTRE REON CRAWFORD
_____

**<u>OPINION AND ORDER</u>**

This matter came before the Court on January 22, 2013, for sentencing. (Doc. #96.) The issue arose as to whether defendant had the required number of qualifying predicate convictions to be sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The parties each submitted a memorandum (Docs. ## 98, 100) addressing the issue. For the reasons set forth below, the Court finds that defendant does have the required number of qualifying predicate convictions to qualify as an armed career offender.

On September 12, 2012, a jury convicted defendant of the knowing possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g). (Doc. #85.) Possession of a firearm or ammunition by a convicted felon pursuant to Section 922(g) is normally punishable by a term of imprisonment of not more than ten years plus a fine. 18 U.S.C. § 924(a)(2). Under the Armed Career Criminal Act (ACCA), however, the statutory sentence is increased to a mandatory minimum fifteen years imprisonment if the defendant "has three previous convictions . . . for a violent

felony or a serious drug offense, or both, committed on occasions different from one another, . . . ." 18 U.S.C. § 924(e)(1).

Whether a prior conviction is a "violent felony" is a question of federal law. Johnson v. United States, 130 S. Ct. 1265, 1269 (2010); United States v. Santiago, 601 F.3d 1241, 1243 (11th Cir. 2010), reh'g denied, 402 F. App'x 513 (11th Cir. 2010(en banc), cert. denied, 131 S. Ct. 484 (2010). "Violent felony" is defined in § 924(e) as follows:

> (B) [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;
> > . . . .

18 U.S.C. § 924(e)(2)(B).

An offense is a violent felony under § 924(e)(2)(B)(i) if the crime is punishable by a term of imprisonment exceeding one year and the crime "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). "Physical force" within the meaning of this portion of the statute requires "*violent* force -- that is,

force capable of causing physical pain or injury to another person." Johnson, 130 S. Ct. at 1271 (emphasis in original).

An offense is a violent felony under § 924(e)(2)(B)(ii) if the crime is punishable by a term of imprisonment exceeding one year and the crime is "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). After Begay v. United States, 553 U.S. 137 (2008), the "residual clause" of § 924(e)(2)(B)(ii) requires that the offense pose a serious potential risk of physical injury comparable to the risk posed by the enumerated crimes, and be "roughly similar, in kind" to the enumerated crimes. Begay 553 U.S. at 143. See also United States v. Alexander, 609 F.3d 1250, 1255 (11th Cir. 2010)(discussing three-step test established by James v. United States, 550 U.S. 192 (2007) and Begay).

The Presentence Report (¶16), and the government, contend that defendant qualifies as an armed career criminal under Section 924(e)(1). Defendant concedes that he has two qualifying ACCA felony convictions (Doc. #98, p. 3), but asserts that his Felony Battery conviction pursuant to Florida Statute Section 784.041 is not a "violent felony." The government asserts that this Felony Battery conviction qualifies under both Sections 924(e)(2)(B)(i) and (ii).

Defendant does not dispute, and therefore concedes, that Felony Battery under Florida Statute § 784.041 is a crime punishable by imprisonment for a term exceeding one year. Defendant also concedes, and the record establishes, that he was convicted of Felony Battery in violation of Florida Statute § 784.041 in 2004 in the Circuit Court in Lee County, Florida. See Presentence Report, ¶29; Government's Exh. 1.  The Amended Information filed in state court alleged that on or about November 2, 2001, defendant "did unlawfully, commit a battery upon Matthew Johnson, by actually and intentionally touching or striking said person against said person's will, and caused great bodily harm, permanent disability, or permanent disfigurement to Matthew Johnson, contrary to Florida Statute 784.041." Government's Exh. 1.  The issue in dispute is whether defendant's Felony Battery in violation of Florida Statute Section 784.041 is a "violent felony" as defined in the ACCA.

The last time the undersigned dealt with a Felony Battery conviction in violation of Florida Statute Section 784.041, it held that such a conviction was not a "violent felony" under the ACCA. United States v. Smith, 725 F. Supp. 2d 1336 (M.D. Fla. 2010). The Eleventh Circuit reversed finding that the felony battery conviction qualified as a "violent felony." United States v. Smith, 448 F. App'x 936, 940 & n.3 (11th Cir. 2011). The Eleventh Circuit also found that Felony Battery under Florida Statute

Section 784.041 is a crime of violence for career offender purposes. <u>United States v. Eugene</u>, 423 F. App'x 908, 911 (11th Cir. 2011). No published Eleventh Circuit case has held to the contrary. The Court is persuaded that the Felony Battery conviction is a violent felony under the ACCA.

Accordingly, it is now

**ORDERED**:

Defendant's objection to the determination that the Felony Battery conviction is a violent felony is **OVERRULED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of April, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record